*Nov. Term, 1838.*

CARR
v.
ALLISON.

------

## CARR *v.* ALLISON.

The pre-emption law of the *United States,* in force in *February,* 1833, did not authorise the transfer of a pre-emption right before a patent had issued for the land.

A bond was given in 1833 for the payment of a certain sum, in consideration of an improvement previously made on *United States'* land, and of the obligee's promise not to enter the land on which the improvement was made. *Held,* that the improvement was not a valid consideration for the bond, and that the promise not to enter the land was void as against public policy.

CARR
v.
ALLISON.

*Monday,
December* 31.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—Debt upon a writing obligatory, dated in *February,* 1833, in the penalty of 500 dollars.

The declaration states the condition of the bond to be, that if *Carr* should relinquish to *Allison* his right to enter a certain tract of land, and should not enter it himself, then *Allison* was to pay *Carr* the value of his improvement and natural advantages on the land, to be valued, &c. It is then averred, that the plaintiff relinquished his right of entry to the defendant, and that the defendant entered the land but refused to pay, &c.

General demurrer to the declaration, and judgment for the defendant.

This is not a case of the sale of a right of pre-emption ; but if it were, the sale could not, on that ground, be sustained. The pre-emption law which was in force when this contract was made, did not authorise the transfer of a pre-emption right, before the issuing of a patent for the land.

We understand by the declaration, that the land in question belonged to the *United States,* and was subject to be entered at the land-office by the first person who should apply for it ; and that the bond sued on was given in consideration of an improvement on the land, and of the plaintiff's promise not to enter the land.

We consider that the improvement, which was a part of the land, was no valid consideration for the bond. The declaration shows that the land, with the improvement, belonged to the *United States,* and that the plaintiff had no lawful interest in either of them. The agreement therefore to pay, in consideration of the improvement, was *nudum pactum.* The statute of 1834, relative to the sale of improvements on public lands, does not affect this case, as that statute was not in force when the contract was made.

The plaintiff's promise not to enter the land was no consideration for the bond. It is the interest of the public that the *United States'* lands should be sold ; and, therefore, the contract of an individual not to purchase a part of those lands, is void as against public policy.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*H. Cooper,* for the plaintiff.

*D. H. Colerick,* for the defendant.